# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
## Tallahassee Division

| | |
|---|---|
| COLLINS & TRUETT ATTORNEYS, P.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.: 4:21-CV-286 |
| ) | Leon County |
| ROMA PETKAUSKAS, in her individual ) | Case No. 2021-CA-001049 |
| And official capacity, and BROWNGREER, ) | |
| PLC, a Virginia for profit corporation, ) | |
| SPECIAL MASTERS, PERRY GOLKIN, ) | |
| WENDELLE E. PRITCHETT, JO-ANN M. ) | |
| VERRIER, LAWRENCE F. STENGEL, ) | |
| and DAVID HOFFMAN, and HML ) | |
| GROUP LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendants BrownGreer PLC and Roma Petkauskas ("Defendants") give notice that this action is removed from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, Case No. 2021-CA-001049, to the United States District Court for the Northern District of Florida, Tallahassee Division, pursuant to 28 U.S.C. §1441 (a) and (c) and §1446 (a) and (b). In support of this Notice of Removal, Defendants state as follows:

1. ***The Case Being Removed.*** On June 17, 2021, Plaintiff filed a suit in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida,

1

Case No. 2021-CA-001049 against eight persons or entities, including Defendants (the "Suit").  Pursuant to Local Rule 7.2, a copy of the state court docket sheet, along with copies of all documents and pleadings filed in the Suit are attached to this Notice as Exhibits 1 and 2.

2. ***Status of Service.***  Though a copy of the filings in the Suit were delivered to the receptionist at Defendants' office on June 21, 2021, Plaintiff has not effected proper personal service on Defendants as required by Rule 1.070(e) of the Florida Rules of Civil Procedure.  To the best of Defendants' knowledge and belief, only one of the named defendants, HLM Group, has been the subject of an attempt at personal service, and none of the other persons or entities named as defendants in the Suit have been served properly with process.

3. ***Federal Question Jurisdiction.***  This Court has original federal question jurisdiction over the Suit under 28. U.S.C. §1331, on two grounds.  First, the Complaint in the Suit alleges violations of two federal statutes, 18 U.S.C. §2701(a) and 5 U.S.C. §552(a).  Second, the Suit arises out of the Class Action Settlement Agreement in *In re: National Football League Players' Concussion Injury Litigation,* MDL No. 2323, pending in the United States District Court for the Eastern District of Pennsylvania, and approved by that Court in its April 22, 2015 Final Order and Judgment (Document 6510 in that Court's MDL docket).  In Paragraph 16 of that Final Order and Judgment, the United States District Court for

the Eastern District of Pennsylvania expressly retained continuing and exclusive jurisdiction over all Settlement Class Members and any dispute or controversy arising out of or related to the interpretation, implementation, administration, or enforcement of the Settlement Agreement.  The matters alleged in the Complaint in the Suit arise out of and relate to the interpretation, implementation, administration, or enforcement of the Settlement Agreement.  The filing of the Complaint in the Suit was in violation of the Final Order and Judgment and must be removed and then transferred to the United States District Court for the Eastern District of Pennsylvania for resolution.  All the matters alleged in the Complaint in the Suit that purport to present any state law issue are so related to the federal issues that they form part of the same case or controversy and thus fall within this Court's original jurisdiction pursuant to 28 U.S.C. §1367.

4. ***Diversity of Citizenship Jurisdiction.***  This Court also has original jurisdiction over the Suit under 28 U.S.C. §1332(a)(1), diversity of citizenship, as Plaintiff is a citizen of Florida and none of the eight persons or entities named as defendants in the Suit are citizens of Florida.  Defendants are citizens of Virginia, while the other named defendants are citizens of Pennsylvania.  The one defendant that has been the subject of attempted personal service consents to removal.  No other defendant has reported attempted service upon them.  As a result, the requirement in 28 U.S.C. § 1446(b)(2)(A) regarding consent to removal by all

properly joined and served defendants is satisfied here.  In the Complaint in the Suit, Plaintiff seeks non-monetary injunctive relief as well as "general damages and any damage permitted by Florida law" and attorneys fees, but does not demand a specific sum as a money judgment.  By filing the Suit, Plaintiff seeks to avoid scrutiny of the validity of claims it has filed on behalf of Settlement Class Members in the NFL Class Action Settlement Agreement exceeding $75,000 in value, thereby satisfying the amount in controversy requirement of 28. U.S.C. §1332(a).

5. ***Proper District and Division.***  The district and this division of this Court embrace Leon County, Florida, the place where the Suit is pending, making removal to this Court appropriate under 28 U.S.C. §1441(a) and N.D. Fla. Loc. R. 3.1(B).  After removal, Defendants will move to transfer the action to the Eastern District of Pennsylvania, which has exclusive jurisdiction over the matters raised in the Complaint.

6. ***This Removal is Timely.***  This Notice of Removal is filed within 30 days after Defendants' receipt of a copy of the Complaint in the Suit, making this removal timely pursuant to 28 U.S.C. §1446(b)(1).

7. ***Notice to the State Court and the Adverse Party.***  This Notice of Removal will be timely filed with the Clerk of the Court for the Circuit Court of

the Second Judicial Circuit, in and for Leon County, Florida, and will be sent to Plaintiff as notice of removal to the adverse party, pursuant to 28 U.S.C. §1446(d).

**8.** *No Waiver or Admissions.* By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to the Suit. The Defendants intend no admission of fact, law, or liability by this Notice of Removal, and expressly reserve all defenses, motions, and pleas.

        Respectfully submitted,

        **ROMA PETKAUSKAS**
        **and**
        **BROWNGREER PLC**


        By:   /s/ Orran L. Brown
            Orran L. Brown
            Virginia State Bar No.: 25832
            BrownGreer PLC
            250 Rocketts Way
            Richmond, Virginia 23231
            Telephone: (804) 521-7200
            Facsimile: (804) 521-7299
            Email: obrown@browngreer.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served by first-class mail, postage prepaid, and by electronic mail, on this 12th day of July, 2021, upon the following:

**Counsel for Plaintiff:**

Richard B. Collins, Esquire
Collins & Truett Attorneys, P.A.
113 South Monroe Street
Tallahassee, Florida 32301

**Counsel for Special Masters Wendell Pritchett, Jo-Ann M. Verrier and David Hoffman:**

Dennis R. Suplee
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103

**HML Group, LLC:**

HML Group, LLC
727 Shropshire Drive
West Chester, PA 19382

**Special Master:**

Perry Golkin:
500 Park Avenue, 4th Floor
New York, NY 10022

**Special Master:**

Lawrence F. Stengel
289 Granite Run Drive, Suite 300
Lancaster, PA 17601

                                           /s/ Orran L. Brown
                                              Orran L. Brown