**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**

**Case No. 4:21-cv-00286-RH-MAF**

COLLINS & TRUETT ATTORNEYS, P.A.,

      Plaintiff,

v.

ROMA PETKAUSKAS, in her individual
and official capacity, and BROWNGREER,
PLC, a Virginia for profit corporation,
SPECIAL MASTERS, PERRY GOLKIN,
WENDELLE E. PRITCHETT, JO-ANN M.
VERRIER, LAWRENCE F. STENGEL,
and DAVID HOFFMAN, and HML
GROUP LLC

      Defendants.

_____/

## NOTICE OF REMOVAL

      Defendants, Special Masters Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman (collectively, "the Removing Special Masters"), pursuant to 28 U.S.C. §§1331, 1332(a), 1441(b)-(c) and 1446, give notice of removal of the above-captioned matter from the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, because the Complaint alleges claims arising under the laws of the United States, and because Plaintiff and all defendants are diverse and the amount in controversy exceeds the jurisdictional minimum.  As a short and plain statement of the grounds for removal, the Removing Special Masters state:

### A.      The State Court Action

      On June 17, 2021, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Plaintiff commenced the civil action *Collins And Truett, P.A., v. Roma Petkauskas,*

*BrownGreer PLC, Special Masters Perry Golkin, Wendelle [Wendell] E. Pritchett, Jo-Ann M. Verrier, Lawrence F. Stengel, David Hoffman, and HML Group, LLC,* Case No.: 2021-CA-001049. Plaintiff's Complaint and all other pleadings filed to date are attached hereto as **Ex. 1**.

In the state court action, Plaintiff alleges its email servers were hacked, attorney-client privileged documents and work product were therefore nefariously obtained, and the Removing Special Masters did not properly ensure that no such actions would take place. Plaintiff asserts claims under a variety of state statutes, as well as under 18 U.S.C. §2701(a) and 5 U.S.C §552(a) and seeks a temporary and permanent injunction, damages, attorneys' fees, costs and other relief. *See* **Ex. 1**.

### B.     Federal Question Jurisdiction

This court has original federal question jurisdiction over this action under 28 U.S.C. §1331, which provides that "the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

The well-pleaded complaint rule guides the determination of whether an action arises under federal law. *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1308 (N.D. Fla. 2001). Under this rule, a case may be removed based on federal question jurisdiction when the plaintiff's statement of his own cause of action shows that it is based' on federal law. *Id*. Here, the Complaint satisfies the well-pleaded complaint rule as it pleads claims under 18 U.S.C. §2701(a) and 5 U.S.C §552(a). Therefore, a federal question is undeniably presented thus allowing this action to be removable pursuant to 28 U.S.C. §1331.

Further, this action arises out of the Class Action Settlement Agreement in *In re: National Football League Players' Concussion Injury Litigation,* MDL No. 2323, pending in the United States District Court for the Eastern District of Pennsylvania, and approved by that Court in its

April 22, 2015 Final Order and Judgment (Document 6510 in that Court's MDL docket). The matters alleged in the Complaint in this action arise out of and relate to the interpretation, implementation, administration, or enforcement of the Settlement Agreement.

Under the provisions of the Settlement Agreement and the Court's April 22, 2015 Final Order and Judgment approving the Settlement, the Eastern District of Pennsylvania, and specifically, Judge Anita Brody, was vested with exclusive jurisdiction and authority over the Parties and their counsel and the Special Masters, as well as the interpretation, implementation, administration, or enforcement of the Settlement Agreement. Section 27.1 of the Settlement Agreement provides, in pertinent part:

> Pursuant to the Final Order and Judgment, **the Court will retain continuing and exclusive jurisdiction over the Parties and their counsel**, all Settlement Class Members, **the Special Master**, BAP Administrator, Claims Administrator, Liens Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee with respect to the terms of the Settlement Agreement. **Any disputes or controversies arising out of, or related to, the interpretation, implementation, administration, and enforcement of this Settlement Agreement will be made by motion to the Court.**

(emphasis added). Further, Paragraph 16 of the Court's April 22, 2015 Final Order and Judgment approving the Settlement provides much the same authority:

> **The Court retains continuing and exclusive jurisdiction over this action including jurisdiction over the Parties and their counsel**, all Settlement Class Members, **the Special Master**, BAP Administrator, Claims Administrator, Lien Resolution Administrator, Appeals Advisory Panel, Appeals Advisory Panel Consultants, and Trustee. In accordance with the terms of the Settlement Agreement, **the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process.**

April 22, 2015 Final Order and Judgment approving the Settlement (emphasis added).

The filing of the Complaint in this action was in violation of the Final Order and Judgment and must be removed and then transferred to the United States District Court for the Eastern District of Pennsylvania for resolution. Hence, to the extent that Plaintiff also asserts state law claims, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367, because they so related to the federal issues that they form part of the same case or controversy.

### C.  *Diversity of Citizenship Jurisdiction*

This Court also has diversity jurisdiction over this action under 28 U.S.C. §1332(a), which provides, in pertinent part: "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### 1.  Complete Diversity of Citizenship

Plaintiff is a Florida law firm, formed under the laws of Florida, with its principal place of business in Florida. *See Compl.* ¶ 1. Further, none of the eight defendants is a citizen of Florida nor has a principal place of business in Florida. Special Masters, Wendell E. Pritchett (misspelled in the Complaint), Jo-Ann M. Verrier, David Hoffman, and Lawrence Stengel, are citizens of the Commonwealth of Pennsylvania. *See Compl.* ¶ 3. Special Master, Perry Golkin, is a citizen of New York. *See Compl.* ¶ 3. HML Group is a Pennsylvania company with its principal place of business in Pennsylvania. *See Compl.* ¶ 3.  Roma Petkauskas is a citizen of Virginia, and BrownGreer PLC is a citizen of Virginia with its principal place of business in Virginia. *See Compl.* ¶ 2. Therefore, complete diversity of citizenship exists.

### 2.  Amount in Controversy

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,…" 28 U.S.C.

§1332(a) A notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and . . . the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A) and (B).

In this matter, Plaintiff's complaint alleges breaches of his attorney-client and work product materials and demands unspecified "general damages and any damage permitted by Florida law." *See Compl*. at Addendum Clause. In addition, Plaintiff seeks a temporary and permanent injunction.

Florida courts have held that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Viacom, Inc. v. Zebe,* 882 F. Supp. 1063, 1064 (S.D. Fla. 1995). Plaintiff seeks to enjoin audits relating to claims that were asserted on behalf of players in *In Re: National Football League Player's Concussion Injury Litigation*, No. 2:12-md-2323-AB, MDL No. 2323, which is pending in the Eastern District of Pennsylvania, and over which the presiding judge, Judge Anita Brody, has exclusive jurisdiction. The value of the claims under audit exceed $75,000, thereby satisfying the amount in controversy requirement of 28. U.S.C. §1332(a).

### D.    Timeliness of Removal

Pursuant to 28 U.S.C. § 1446(b)(1), and as interpreted by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-50 (1999) and its progeny, a defendant may remove an action "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" Here, this case first became removable on June 21, 2021, when a copy of the Complaint

was left at the offices of BrownGreer in Richmond, Virginia. No defendant received a copy of the Complaint before that date. Therefore, Removing Special Masters, Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman, have timely filed the instant Notice of Removal less than 30 days after any Defendant received a copy of the Complaint.

###### E. Venue

The United States District Court for the Northern District of Florida is the proper venue for removal of this action because it is the district in which the state court action is embracing the pending action. *See* 28 U.S.C. §§ 1441(a) and 1446(a). Following removal, the defendants will move to transfer this action to the Eastern District of Pennsylvania, which has exclusive jurisdiction over the matters raised in the Complaint. *Id*. at ¶ 12.

###### F. State Court Pleadings

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of process, pleadings, and orders from the state court action are being simultaneously filed with this Notice of Removal attached hereto as **Ex. 1.**

###### G. Notice to State Court and Plaintiff

Defendants will timely serve written notice upon Plaintiff as required by 28 U.S.C. § 1446(d). Additionally, a true and correct copy of this Notice will be filed with the Circuit Court of the Second Judicial Circuit, in and for Leon County, as required by 28 U.S.C. § 1446(d).

###### H. Consent to Removal.

According to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, all defendants named in this action have consented to removal. The other defendants' written consents, provided via e-mail, are being attached as **Composite Ex. 2**.

## I.    No Waiver of Admissions.

By this Notice of Removal, the Removing Special Masters do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  The Removing Special Masters intend no admission of fact, law, or liability by this Notice of Removal, and expressly reserve all defenses, motions and/or pleas.

**WHEREFORE**, Special Masters, Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman, herein request that this Court effect the removal of this action from the Circuit Court of the Second Judicial Circuit, in and for Leon County, to the United States District Court for the Northern District of Florida, Tallahassee Division.

**Dated: July 13, 2021**                    Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.

By:  */s/ Eric C. Sprechman*
      Eric C. Sprechman, Esq.
      Florida Bar No.: 115609
      Email: eric.sprechman@csklegal.com
      Sadaf Chaudhry, Esq.
      Florida Bar No.: 1026113
      Email: Sadaf.chaudhry@csklegal.com
      Esperante Building
      222 Lakeview Avenue, Suite 120
      West Palm Beach, Florida 33401
      Telephone: (561) 383-9200
      Facsimile: (561) 683-8977

      *Attorneys for Defendants Wendell E.*
      *Pritchett, Jo-Ann M. Verrier, and David*
      *Hoffman*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 13th day of July, 2021, we presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. We further certify that we sent the foregoing document via electronic mail and First class U.S. Mail, postage prepaid, to the individuals listed on the attached service list.

By: */s/ Eric C. Sprechman*
        Eric C. Sprechman, Esq.
        Florida Bar No.: 115609
        Sadaf Chaudhry, Esq.
        Florida Bar No.: 1026113

## SERVICE LIST

| | |
|---|---|
| Richard B. Collins, Esq.<br>COLLINS & TRUETT ATTORNEYS, P.A.<br>*Counsel for Plaintiff*<br>113 South Monroe Street<br>Tallahassee, Florida 32301<br>dick@collinstruett.com<br><br>Dennis R. Suplee, Esq.<br>Terry Loscalzo, Esq.<br>Lee Schmeer, Esq.<br>SCHNADER HARRISON SEGAL<br>& LEWIS, LLP<br>*Co-Counsel for Defendants, Wendell E. Pritchett, Jo-Ann M. Verrier, and David Hoffman*<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>dsuplee@schnader.com<br>tloscalzo@schnader.com<br>lschmeer@schnader.com | HML Group, LLC<br>*Defendant*<br>727 Shropshire Drive<br>West Chester, PA 19382<br><br>Orran L. Brown, Esq.<br>BrownGreer PLC<br>*Counsel for Roma Petkauskas and BrownGreer PLC*<br>250 Rocketts Way<br>Richmond, Virginia 23231<br>obrown@browngreer.com<br><br>Perry Golkin<br>*Defendant*<br>500 Park Avenue, 4th Floor<br>New York, NY 10022<br>PGolkin@ppcenterprises.com<br><br>Hon. Lawrence F. Stengel<br>*Defendant*<br>289 Granite Run Drive, Suite 300<br>Lancaster, PA 17601<br>lfs@saxtonstump.com |